UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **In re:**<br><br>**MAKRIS, KALLOIPI,**<br><br>Debtor. | Civil No. 09-5911 (WJM)<br><br>**ORDER VACATING DISMISSAL OF APPEAL AND SETTING BRIEFING SCHEDULE** |

**THIS MATTER** comes before the Court on Debtor-Appellant Kalliopi Makris' motion to vacate this Court's order dismissing the case without prejudice for failure to file an appellate brief (doc. # 5); and the Court noting that immediately after the appeal was opened in the District Court, Debtor-Appellant's counsel filed a letter requesting reassignment of the case to Judge Debevoise based upon his prior experience with this matter; and that counsel anticipated receiving a briefing schedule after the case was reassigned; and that counsel's letter was not formally responded to by the Court; and upon learning that the appeal was dismissed, Debtor-Appellant moved quickly to correct its error; and the Court further noting that counsel for both Debtor-Appellant and Appellee-Creditor Amboy Bank have had issues receiving notification of docket activity in this matter, and counsel for Debtor-Appellant agreed to an adjournment on this present motion based upon that issue; and the Court having the authority to vacate its order dismissing the case upon finding that Debtor-Appellant's failure to file the brief was excusable neglect pursuant to Federal Rule of Civil Procedure 60(b)(1); and that in making this equitable determination, this Court looks at all relevant circumstances surrounding a party's failure to file and considers "[1] the danger of prejudice to the other party; [2] the length of the delay and its

potential impact on judicial proceedings; [3] the reason for the delay - and whether it was within the movant's control; and [4] whether the movant acted in good faith." *Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007); and the Court finding that Debtor-Appellant's explanation for not filing a brief to be reasonable, and that Debtor-Appellant demonstrated good faith and minimized the potential impact on judicial proceedings by moving quickly to correct its error by promptly filing the present motion, and that in reopening the appeal, prejudice to Appellee is minimal; and, this Court determining that under the totality of the circumstances, Debtor-Appellant's error constitutes excusable neglect, and for good cause appearing,

**IT IS** on this 26th day of May, 2010, hereby,

**ORDERED** that the Debtor-Appellant's motion to vacate this Court's January 19, 2010 Order is **GRANTED**; and it is

**FURTHER ORDERED** that Debtor-Appellant's appeal is reinstated; and it is

**FURTHER ORDERED** that Debtor-Appellant's appellate brief shall be filed within two weeks of the date of this Order; and it is

**FURTHER ORDERED** that Appellee-Creditor's opposition brief shall be filed within four weeks of the date of this Order; and it is

**FURTHER ORDERED** that Debtor-Appellant's reply brief shall be filed within six weeks of the date of this Order.

/s/ WILLIAM J. MARTINI, U.S.D.J.

2